## UNITED STATES FASTENER CO. v. DUTCHER.

### (Circuit Court, N. D. New York. July 9, 1906.)

PATENTS—ANTICIPATION—SEPARABLE BUTTONS.

The Pringle patent, No. 573,532, for a separable button, claims 3 and 4, which cover a button-head having a stud-catch therein, are void for anticipation by prior patents for glove fasteners.

Suit in equity to restrain alleged infringement of claims 3 and 4 of United States letters patent No. 573,532, dated December 22, 1896, and issued to Eugene Pringle for separable button, and also for an accounting.

Horton D. Wright (Donald Campbell, of counsel), for complainant.
Richardson, Herrick & Neave (A. D. Salinger, of counsel), for defendant.

RAY, District Judge. The claims in suit, permitting the complainant now to rely upon both, read as follows:

"(3) A button-head comprising a cap or shell containing a stud-catch having the catch-lips thereof turned down within itself, and said parts secured to the material, substantially as described.

"(4) A button-head comprising a cap or shell containing a stud-catch having the catch-lips thereof turned downward within its body and its lower end clenched to hold the parts to the material, substantially as described."

Claim 3 has as elements: (1) a cap or shell; (2) a stud-catch having the catch-lips thereof turned down within itself; and (3) means for attaching to the fabric or garment, as described. There is no claim of any peculiarity or novelty in either the button-head, cap, or shell, or the means of attachment. The novelty and utility, if any, is asserted to reside in the "stud-catch having the catch-lips thereof turned down within itself."

Claim 4 differs from claim 3 in that the catch-lips of the stud-catch are "turned downward within its body," instead of "turned down within itself"; a difference in words merely, unless there is some subtle and hidden meaning which this court is not astute enought to discover, and in that the lower end of the stud-catch is clenched to hold, or aid in holding, the parts to the material. This clenching may be regarded as allowable, under claim 3, broadly construed.

The defendant denies the validity of claims 3 and 4 of the complainant's patent because anticipated. He says in view of the prior art no patentable invention is disclosed. The defendant cites, has put in evidence, and relies, among others, upon the Richardson patent, No. 300,508, dated June 17, 1884, for improvements in fastenings for gloves and other articles, and also upon the Daniel A. Carpenter patent, No. 383,702, dated May 29, 1888, for glove fastener. After a careful reading of all these patents with their specifications with the evidence in the case, especially in view of figure 11 of the said Richardson patent, and that part of the specification describing it, I cannot escape the conclusion that, in view of the prior art, claims 3 and 4 of the patent in suit (those in issue) fail to disclose patentable invention, and are therefore void. In the Richardson patent, after describing the eyelet

constituting the stud-catch and two forms thereof, both operative, the patentee says:

"In Fig. 11 the yielding sides are turned into the eyelet or tube space, and form a socket for the reception of the other member of the fastening within the tube or eyelet and below their under surface. The principle of the construction is, however, the same; the only difference being that the socket is made lower by bending the sides inwardly and downwardly, as shown."

This is nothing more or less than a stud-catch having the catch-lips thereof turned down within itself. It is substantially the same thing shown in the patent in suit as the stud-catch, and presents the same exact idea of means and general form of construction. True, the Richardson patent does not have this in combination with or placed within a button-head, but to do that would add nothing to the invention. Taking claims 3 and 4 of the patent in suit, we have a combination of three old elements to produce an old result in the same way, viz., a cap or shell in which is placed the catch, which cap or shell is old, a stud-catch having the catch-lips thereof turned down within itself, and this is old in the Richardson patent, and means to attach same to the fabric or garment, also old. In the Carpenter patent we have precisely the same idea as to form and construction and utility of a stud-catch. With these patents and drawings before him any mechanic skilled in the art would readily produce the complainant's device in question.

The question of infringement will not, therefore, be considered. Neither will I remark upon other phases of the controversy, which in my judgment make the claim of complainant doubtful.

There will be a decree dismissing the bill of complaint, with costs.